IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MURRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>STANDARD INSURANCE COMPANY,<br><br>    Defendant.<br>_____/ | No. C-10-3368 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THIRD CAUSE OF ACTION; VACATING OCTOBER 29, 2010 HEARING** |

    Before the Court is defendant Standard Insurance Company's "Motion to Dismiss Plaintiff's Third Cause of Action," filed September 22, 2010. On October 15, 2010, defendant filed a "reply," correctly noting therein that plaintiff had failed to file opposition. Thereafter, also on October 15, 2010, plaintiff Christopher Murray filed an untimely opposition.[1] Having read and considered the papers filed in support of and in opposition to the motion,[2] the Court deems the matter suitable for decision thereon, VACATES the October 29, 2010 hearing, and rules as follows.

    In the Third Cause of Action, titled "Fraud," plaintiff alleges defendant made false

---

[1] Pursuant to the Civil Local Rules of this District, opposition was due no later than October 8, 2010, see Civil L. R. 7-3(a) (providing opposition to motion must be filed no later than 21 days before hearing date), and plaintiff has not sought, let alone obtained, an extension of time to file his opposition, see Civil L.R. 6-3. Plaintiff has also violated this Court's Standing Orders and Northern District General Order 45, each of which requires all parties to provide for use in chambers one paper copy of each document that is filed electronically, such copy to be delivered no later than noon on the day after the document is filed electronically.

[2] Plaintiff's opposition is stricken, as it is untimely. The Court notes, however, that consideration of the opposition would not change the result herein.

statements to plaintiff during the course of considering plaintiff's claim for disability benefits under a policy issued by defendant. Defendant argues the Third Cause of Action is not pleaded in conformity with Rule 9(b) of the Federal Rules of Civil Procedure. The Court agrees.

"Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Although plaintiff identifies a number of statements allegedly made to him by "agents, employees, and representatives" of defendant (see Compl. ¶ 21), plaintiff does not allege the identity of any of the speakers and does not allege when and where any of the statements were made. Further, to the extent the claim is based on any statements plaintiff attributes to "agents," plaintiff fails to allege any facts to support a finding that any such agency relationship exists. See Schwartz v. KPMG LLP, 476 F. 3d 756, 765 (9th Cir. 2007) (holding, for purposes of Rule 9(b), where plaintiff bases claim for fraud on agency theory, plaintiff must allege "factual basis" for assertion agency relationship exists). Further, plaintiff fails to allege with particularity why any of the alleged statements were false when they were made by the speaker(s). See Fecht v. Price Co., 70 F.3d 1078, 1083 (9th Cir. 1995) (holding Rule 9(b) requires plaintiff to allege "sufficient evidentiary facts" to support finding challenged "statements were false when made"), cert. denied, 517 U.S. 1136 (1996).

Accordingly, the Third Cause of Action is subject to dismissal.

**CONCLUSION**

For the reasons stated above, defendant's motion is hereby GRANTED, and the Third Cause of Action is hereby DISMISSED.

If plaintiff wishes to amend his pleading to cure the deficiencies in the Third Cause of Action, plaintiff shall file a First Amended Complaint no later than November 10, 2010.

**IT IS SO ORDERED.**

Dated: October 21, 2010

MAXINE M. CHESNEY
United States District Judge