United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER MURRAY,                          No. C-10-3368 MMC

12                  Plaintiff,                     **ORDER GRANTING DEFENDANT'S**
                                                   **MOTION TO DISMISS THIRD CAUSE**
13     v.                                          **OF ACTION; DISMISSING THIRD**
                                                   **CAUSE OF ACTION WITHOUT LEAVE**
14   STANDARD INSURANCE COMPANY,                   **TO AMEND; VACATING JANUARY 7,**
                                                   **2011 HEARING**
15                  Defendant.

16   _____/

17          Before the Court is defendant Standard Insurance Company's "Motion to Dismiss

18   Plaintiff's Third Cause of Action," filed November 24, 2010.  Plaintiff Christopher Murray

19   has filed opposition, to which defendant has replied.  Having read and considered the

20   papers filed in support of and in opposition to the motion, the Court deems the matter

21   suitable for decision on the parties' respective written submissions, VACATES the January

22   7, 2011 hearing, and rules as follows.

23          By order filed October 21, 2010, the Court dismissed the Third Cause of Action,

24   titled "Fraud," as alleged in plaintiff's initial complaint, for the reason that plaintiff had not

25   pleaded the claim in conformity with Rule 9(b) of the Federal Rules of Civil Procedure, and

26   afforded plaintiff leave to amend to plead a fraud claim in conformity therewith.  Plaintiff

27   thereafter filed a First Amended Complaint ("FAC") in which he amended the Third Cause

28   of Action.  By the instant motion, defendant argues that plaintiff has, again, failed to plead

1    the Third Cause of Action with the requisite particularity.  The Court agrees.

2           First, although the Court afforded plaintiff leave to allege the identity of the

3    speaker(s) of the assertedly false statements, and to allege when the statements were

4    made, plaintiff has failed to cure such deficiencies.  Specifically, the amended Third Cause

5    of Action again fails to allege the identity of any of the speaker(s) or the time(s) at which

6    any of the challenged statements were made.  Consequently, the Third Cause of Action is

7    subject to dismissal.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.

8    2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and

9    how' of the misconduct alleged.")

10          Second, and of equal or greater significance, plaintiff, despite having been afforded

11   leave to allege with particularity facts showing any such statements were false when made,

12   has failed to cure the noted deficiency.  For example, although plaintiff adequately alleges

13   defendant failed to comply with its obligations under an insurance policy, the amended

14   Third Cause of Action fails to allege with particularity facts to support a finding that

15   defendant, in essence, knew at the time it entered the subject insurance contract that it

16   would not comply with the terms of the policy.  See Tenzer v. Superscope, Inc., 39 Cal. 3d

17   18, 30 (1985) (rejecting argument that "subsequent failure to perform as promised [under

18   contract] warrants the inference that defendant did not intend to perform when she made

19   the promise"; finding California law instead requires "something more than

20   nonperformance" to establish fraud claim based on failure to perform contractual promise).[1]

21   Consequently, the Third Cause of Action is subject to dismissal for this additional reason.

22   See Fecht v. Price Co., 70 F.3d 1078, 1083 (9th Cir. 1995) (holding Rule 9(b) requires

23   plaintiff to allege "sufficient evidentiary facts" to support finding challenged "statements

24   were false when made"), cert. denied, 517 U.S. 1136 (1996).

25          Because the Court previously afforded plaintiff leave to cure the above-referenced

26   deficiencies, which deficiencies plaintiff has failed to cure, the Court declines to afford

27   _____

28          [1]The Court has diversity jurisdiction over plaintiff's claims (see FAC ¶ 3), and plaintiff
     seeks relief under California law.

2

1   plaintiff further leave to amend.  See Soliman v. Philip Morris Inc., 311 F.3d 966, 970, 976

2   (9th Cir. 2002) (holding, where district court dismissed complaint with leave to amend to

3   cure stated deficiency and amended complaint failed to cure stated deficiency, district court

4   properly denied plaintiff further leave to amend).[2]

5          Accordingly, defendant's motion to dismiss the Third Cause of Action will be granted,

6   and the Third Cause of Action will be dismissed without further leave to amend.

7                                    **CONCLUSION**

8          For the reasons stated above, defendant's motion is hereby GRANTED, and the

9   Third Cause of Action is hereby DISMISSED without leave to amend.

10         **IT IS SO ORDERED.**

11

12  Dated:  January 3, 2011

13                                                MAXINE M. CHESNEY
                                                  United States District Judge

14

15

16

17

18

19

20

21

22

23

24
    _____
25         [2]The Court further notes that the scope of relief available under plaintiff's Second
    Cause of Action, alleging a claim for breach of the implied covenant of good faith and fair
26  dealing, appears either to equal or exceed the scope of relief available under a fraud claim.
    See, e.g., Major v. Western Home Ins. Co., 169 Cal. App. 4th 1197 (2009) (affirming
27  judgment awarding plaintiff, on claim against insurer for breach of implied covenant of good
    faith and fair dealing, economic damages, noneconomic damages, and punitive damages,
28  as well as attorney's fees incurred to obtain benefits due under policy).

                                          3